T. H. WOODBRIDGE, Appellee, v. JOHN G. AUSTIN, Appellant.

| 81 | 671 |
| 115 | 713 |

**Wrongful Detention of Real Property:** EJECTMENT: DAMAGES. Where in an action for the possession of certain real estate, and for damages for the wrongful detention thereof, the question of ownership has been determined by the court, sitting as in equity, in favor of the plaintiff, the question of damages for the wrongful detention need not be submitted to a jury if the evidence discloses no dispute as to the facts upon which the recovery therefor is based.

*Appeal from Sac District Court.*—HON. J. P. CONNER, Judge.

SATURDAY, JANUARY 24, 1891.

ACTION for the possession of real estate, and damages for wrongful detention. The answer admits that the plaintiff is the holder of the legal title, and states an equitable affirmative defense, and a denial of the allegations of the petition not admitted. The ony allegation of the petition put in issue by the answer is that of damages for wrongful detention. The equitable issue on which the right of possession is to be found involves the fact of the actual ownership of the land. The defendant moved the court for an order that the equitable issues raised by his answer be first tried by equitable proceedings, whereupon the court made the following order: "Cause set for trial upon written evidence in form of depositions or oral testimony at trial, as parties may elect, in whole or in part. This refers to equitable issues raised by answers." Afterwards the parties placed on record the following: "It is hereby agreed and stipulated by and between the parties hereto that, in case defendant fails to establish his defense set out in the above-entitled cause, the plaintiff may have judgment for possession." The cause was afterwards submitted to the court on evidence, and judgment was entered as follows: "That the plaintiff have and recover of defendant the possession of the land in controversy; that the title thereto is in the absolute and unqualified ownership of plaintiff; that plaintiff have judgment for the sum of two hundred dollars, rents and profits of said land, and for costs, taxed at —— dollars. To all of which defendant duly excepted. From the judgment the defendant appeals.

*Goldsmith & Hart,* for appellant.

*James H. Tait* and *W. A. Helsell,* for appellee.

GRANGER, J.—The only complaint made on this appeal is that the court erred in entering judgment for rents and profits of the land, because the issues in relation thereto were triable by ordinary proceedings, and to a jury, unless waived. The stipulation of the parties, and the law in its absence, required that, if the equitable issue was found against defendant, judgment for the possession of the land must be entered for the plaintiff, and the judgment would carry with it a right to damage for wrongful detention, which in this case is the value of rents and profits. The only remaining question then, after settling the equitable issue, was the value of the rents and profits. It may be admitted for the purposes of the case, that, if the question involved a dispute as to facts or amount, it should have been submitted to a jury. Are we then to infer such a dispute? The pleadings fairly present such a question, but the record shows that, on the trial, evidence was taken as to the rents and profits, and the judgment of the court shows the same fact. Now, let us suppose the evidence such as to place the amount of damage beyond dispute, as that both parties testified that the value of the rents and profits was the value found by the court. In such a case there would be no question for a jury; the fact would be treated as established; and the law would not encourage the idle form of changing the forum to conclude the trial. No part of the evidence is in the record, and we will assume, in its absence, its sufficiency to sustain the action of the court where its action is based thereon. It may be said that no complaint was made to the district court of its action, nor was there an intimation of a desire to try any question to a jury, and likely because there was none to be so tried.

The judgment is AFFIRMED.